1 SHAWNA PARKS (CA BAR NO. 208301) (sparks@dralegal.org)
MARY-LEE K. SMITH (CA BAR NO. 239086) (msmith@dralegal.org)
2 REBECCA WILLIFORD (CA BAR NO. 269977 ) (rwilliford@dralegal.org)
KARA JANSSEN (CA BAR NO. 274762) (kjanssen@dralegal.org)
3 DISABILITY RIGHTS ADVOCATES
2001 Center Street, Fourth Floor
4 Berkeley, CA 94704-1204
Telephone: (510) 665-8644
5 Facsimile: (510) 665-8511

6 HERNAN VERA (CA BAR NO. 175149) (hvera@publiccounsel.org)
LAURA FAER (CA BAR NO. 223846) (lfaer@publiccounsel.org)
7 PUBLIC COUNSEL
2001 Center Street, Fourth Floor
8 Berkeley, CA 94704-1204
Telephone: (510) 529-3419
9 Facsimile: (213) 385-9089

10 GRACE A. CARTER (CA BAR NO. 101610) (gracecarter@paulhastings.com)
GINA COOK (CA BAR NO. 245611 ) (ginacook@paulhastings.com)
11 PAUL HASTINGS LLP
55 Second Street, Twenty-Fourth Floor
12 San Francisco, CA 94105-3441
Telephone: (415) 856-7000
13 Facsimile: (415) 856-7100
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.F., by and through her guardian ad litem, Gail F.; W.B., by and through his guardian ad litem, CiCi C.; Q.G., by and through his guardian ad litem, Barbara C.; and on behalf of themselves and a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONTRA COSTA COUNTY; CONTRA COSTA COUNTY DEPARTMENT OF PROBATION; PHILIP KADER, in his official capacity, Chief County Probation Officer; BRUCE PELLE, in his official capacity, Superintendent of Juvenile Hall; CONTRA COSTA COUNTY OFFICE OF EDUCATION; JOSEPH A. OVICK, in his official capacity as Superintendent, Contra Costa County Office of Education; LYNN MACKEY, in her official capacity, Director of Contra Costa County Court Schools.<br><br>Defendants. | **Case No. C 13-3667-SBA**<br><br>**DECLARATION OF MARY-LEE KIMBER SMITH IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: October 29, 2013<br>Time: 1:30 PM<br>Place: Courtroom 1, 4th Floor<br>Judge: Saundra B. Armstrong |

*G.F., et al. v. Contra Costa County, et al.*, **Case No. C 13-3667**
**Declaration Of Mary-Lee Kimber Smith In Support Of Plaintiffs' Motion For Class Certification**

I, MARY-LEE KIMBER SMITH, declare:

1. I am an attorney at law licensed to practice before the Courts of the State of California and before this Court. I am a Managing Attorney for Disability Rights Advocates ("DRA"), counsel of record for the Plaintiffs in this action. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them under oath if called as a witness.

2. I submit this declaration in support of Plaintiffs' Motion for Class Certification.

3. In 2012 and 2013, DRA submitted a number of Public Records Act requests to the Contra Costa County Office of Education, Contra Costa County Health Services, and the Contra Costa County Probation Department.

4. Attached as Exhibit A is a true and correct copy of Mt. McKinley's School Accountability Report Card, published during 2011-2012, which DRA found online at http://www.cccoe.k12.ca.us/stsvcs/sarcs/2011/Mt.McKinleySARC10-11.pdf.

5. In its July 24, 2012 Public Records Act request, DRA asked the Contra Costa County Office of Education to provide any documents indicating the number or percentage of youths admitted to John A. Davis Juvenile Hall that have IEPs or Section 504 plans at the time of their admission as well as the number or percentage of youths admitted to John A. Davis Juvenile Hall that did not have IEPs or Section 504 plans at the time of their admission, but who received IEPs during their detention at Juvenile Hall. Attached as Exhibit B is a true and correct copy of DRA's July 24, 2012 Public Records Act request. Attached as Exhibit C is a true and correct copy of the Contra Costa County Office of Education's response to that Public Records Act request.

6. On April 25, 2013, DRA issued a Public Records Act Request in which it asked the Contra Costa County Office of Education to provide information regarding, inter alia, the percentage of youth with an IEP or 504 plan at Juvenile Hall, the percentage of youth who had an initial IEP assessment during their detention at Juvenile Hall, the number of IEP team meetings scheduled for youth at Juvenile Hall, the number of assessments either by a school psychologist or any other expert conducted for youth you had IEPs when they entered Juvenile

Hall, the qualifications of persons who conduct IEP assessments at Juvenile Hall, the types of special education services at Juvenile Hall, the policies and procedures regarding implementation of special education laws at Juvenile Hall, the number of Behavior Intervention Plans developed at Mt. McKinley since July 2012, and the number of manifestation determinations held at Mt. McKinley since July 2012. Attached as Exhibit D is a true and correct copy of DRA's April 25, 3013 Public Records Act Request. Attached as Exhibit E is a true and correct copy of the May 3, 2013 memo that the Contra Costa County Office of Education prepared in response to that Public Records Act request.

7. Attached as Exhibit F is a true and correct copy a document called "Educational Services, Court & Community Schools," found online by DRA at http://www.cccoe.k12.ca.us/stsvcs/court_community.html

8. On April 25, 2013, DRA issued a Public Records Act Request in which it asked the Contra Costa County Probation Department to provide information regarding the reasons for and procedures for placement of youth "on program," "on risk," "on max," or "on suspect" at Juvenile Hall. Attached as Exhibit G is a true and correct copy of DRA's April 25, 2013 Public Records Act Request. In response to that Public Records Act Request, the Contra Costa County Probation Department provided Policy and Procedure Bulletin No. 502, the subject of which is "Security Programs." A true and correct copy of the Contra Costa County Probation Department's letter enclosing the Policy and Procedure Bulletin No. 502 regarding Security Programs is attached as Exhibit H.

9. Attached as Exhibit I is a true and correct copy of a document entitled "Engaging Students Who Are At Risk Through Instruction to Address Gaps in Academic Skills and Accelerate Learning" which DRA found online at http://events1.neglected-delinquent.org/reader.php?upload=/db_files/Engaging%20Students%20Presenters%20Presentation.ppt.

10. DRA requested that the Contra Costa County Office of Education provide educational records for Plaintiff G.F., Plaintiff W.B., Plaintiff Q.G., and class members D.H., D.W., D.W., and K.B.. None of the records that the Contra Costa County Office of Education

provided included a notice to the students' parents or guardians informing them that their child's IEP placement had been changed by Mt. McKinley.

11. DRA requested that the Contra Costa County Office of Education provide all of G.F.'s educational records. Attached as Exhibit J is a true and correct copy of G.F.'s May 10, 2012 IEP, which DRA received from the Contra Costa County Office of Education. Exhibit K is a true and correct copy of G.F.'s August 7, 2012 IEP, which DRA received from the Contra Costa County Office of Education.

12. DRA requested that the Contra Costa County Office of Education provide all of Q.G.'s educational records. Attached as Exhibit L is a true and correct copy of Q.G.'s May 18, 2010 IEP, which DRA received from the Contra Costa County Office of Education. Exhibit M is a true and correct copy of Q.G.'s January 7, 2011 IEP, which DRA received from the Contra Costa County Office of Education. Attached as Exhibit N is a true and correct copy of Q.G.'s daily attendance record and transcript dated June 20, 2013, which DRA received from the Contra Costa County Office of Education.

13. DRA requested that the Contra Costa County Office of Education provide all of W.B.'s educational records. Attached as Exhibit O is a true and correct copy of W.B.'s January 18, 2011 504 Plan, which DRA received from the Contra Costa County Office of Education. Exhibit P is a true and correct copy of W.B.'s March 13, 2013 IEP, which DRA received from the Contra Costa County Office of Education. Attached as Exhibit Q is a true and correct copy of the "Contra Costa County Juvenile Probation Case Plan" for W.B. dated February 15, 2013, which DRA received from the Contra Costa County Office of Education. Attached as Exhibit R is a true and correct copy of a Medical and Mental Health Assessment of W.B. dated July 10, 2012, which DRA received from Karen Moghtader of the Contra Costa County Public Defender's Office on June 21, 2013.

14. DRA requested that the Contra Costa County Office of Education provide all of D.H.'s educational records. Attached as Exhibit S is a true and correct copy of D.H.'s May 23, 2012 IEP, which DRA received from the Contra Costa County Office of Education. Exhibit T is

a true and correct copy of D.H.'s May 28, 2013 IEP, which DRA received from the Contra Costa County Office of Education.

15. DRA requested that the Contra Costa County Office of Education provide all of D.W.'s educational records. Attached as Exhibit U is a true and correct copy of D.W.'s May 24, 2012 IEP, which DRA received from the Contra Costa County Office of Education. Exhibit V is a true and correct copy of D.W.'s November 30, 2012 IEP, which DRA received from the Contra Costa County Office of Education.

16. DRA requested that the Contra Costa County Office of Education provide all of D.W.'s educational records. Attached as Exhibit W is a true and correct copy of D.W.'s September 20, 2011 IEP, which DRA received from the Contra Costa County Office of Education. Exhibit X is a true and correct copy of D.W.'s September 19, 2012 IEP, which DRA received from the Contra Costa County Office of Education.

17. DRA requested that the Contra Costa County Office of Education provide all of K.B.'s educational records. Attached as Exhibit Y is a true and correct copy of K.B.'s May 31, 2011 IEP, which DRA received from the Contra Costa County Office of Education. Exhibit Z is a true and correct copy of K.B.'s April 3, 2012 IEP, which DRA received from the Contra Costa County Office of Education.

18. On July 9, 2013, I attended a meeting regarding W.B.'s IEP. In attendance were representatives from the Contra Costa County Office of Education, Contra Costa County Probation Department, Mt. McKinley School, Disability Rights Advocates, Behavior Health Services Children's Mental Health, and W.B.'s mother. I informed the Contra Costa County Office of Education and Mt. McKinley School that I would be tape recording the meeting. Attached as Exhibit AA is a DVD containing the recording of the meeting regarding W.B.'s IEP. Attached as Exhibit BB is a transcript of that meeting that Paul Hastings prepared from Exhibit AA.

19. Attached as Exhibit CC is a true and correct copy of the power point presentation "Contra Costa County Probation Overview," which DRA found online at http://www.co.contra-costa.ca.us/DocumentView.aspx?DID=8329.

*G.F., et al. v. Contra Costa County, et al.*, **Case No. C 13-3667**
**Declaration Of Mary-Lee Kimber Smith In Support Of Plaintiffs' Motion For Class Certification    __4**

20. Attached as Exhibit DD is a true and correct copy of a document entitled "Annual Report Fiscal Year 2010-2011" from the Contra Costa County Juvenile Justice Commission, which DRA found online at http://64.166.155/docs/2012/BOS/20120214_184/10146_2010-2011%20ANNUAL%20REPORT%20-%20JJC%20-%20by%20Tom%20Sponsler.doc. (P00252)

21. On July 18, 2013, DRA requested that the Contra Costa County Office of Education provide updated educational records, including the cumulative educational file, for plaintiffs G.F., W.B., and Q.G. Attached as Exhibit EE are true and correct copies of DRA's July 18, 2013 requests. Attached as Exhibit FF are true and correct copies of several of the specialized academic instruction logs that the Contra Costa County Office of Education provided in response to DRA's July 18, 2013 request. That log does not indicate how many minutes of specialized academic instruction are provided to each student who is entitled to specialized academic instruction, and the log does not indicate who provided the instruction.

22. On August 8, 2013, I met and conferred with Jennifer Gonzalez, counsel for the Contra Costa County Department of Education, regarding Plaintiffs' Motion for Class Certification. During the telephone call, I informed Ms. Gonzalez that earlier in the day, Plaintiffs had filed a class action complaint in the Northern District of California alleging that the Contra Costa County Office of Education, the Contra Costa Probation Department, Contra Costa County, and several individual defendants sued in their official capacities had violated the Individuals with Disabilities Education Improvement Act, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, California Government Code sections 11135 *et seq.* and California Education Code sections 56000 *et seq*. We informed Ms. Gonzalez that we would email her with a courtesy copy of the complaint and formally serve it shortly. We informed Ms. Gonzalez that, for standing purposes, we were planning to file a motion for class certification later in the day but that if her client were willing to stipulate to certification of the proposed class, Plaintiffs would withdraw their motion for class certification. I did, in fact, email Ms. Gonzalez on August 8, 2013 with a copy of the complaint in this matter. Attached hereto as Exhibit GG is a true and correct copy of the cover email that I sent to Ms. Gonzalez on August 8,

2013.

23. On August 8, 2013, I also met and conferred with Monika Cooper, an attorney with the Contra Costa County Counsel's office, regarding Plaintiffs' Motion for Class Certification. During the telephone call, I informed Ms. Cooper that, earlier in the day, Plaintiffs had filed, in the Northern District of California, a class action complaint against Contra Costa County and the Contra Costa County Probation Department, among others. We informed Ms. Cooper that we would email her with a courtesy copy of the complaint and formally serve it shortly. We informed Ms. Cooper that, for standing purposes, we were planning to file a motion for class certification later in the day but that if her client were willing to stipulate to certification of the proposed class, Plaintiffs would withdraw their motion for class certification. I did, in fact, email Ms. Cooper on August 8, 2013 with a copy of the complaint in this matter. Attached hereto as Exhibit HH is a true and correct copy of the cover email that I sent to Ms. Cooper on August 8, 2013.

I declare, under penalty of perjury under the laws of the United States of America and the State of California, that the foregoing is true and correct.

Executed this 8th day of August 2013 in Berkeley, California.

MARY-LEE KIMBER SMITH